IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN RINGEL, | ) | CASE NO. 1:15 CV 0079 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| LINDA ROSS, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Allen Ringel filed the above-captioned action against his sister, Linda Ross. In the complaint, he alleges she illegally diverted his mail while he was recuperating from a medical condition. He seeks $ 1,600,000.00 in damages.

**Factual and Procedural Background**

Plaintiff's complaint is very brief. He states Ross attempted to evict him on May 5, 2014. He indicates she went to the South Euclid Post Office and informed the clerk that he was either dead or moved. Based on the information she provided, Ross was able to divert Plaintiff's mail to an unknown destination. He contends she changed the locks on his residence and stopped the shipment of oxygen he was receiving from University Hospitals of Cleveland. He reported these actions to the United States Post Office, and the government initiated a criminal investigation. He does not indicate whether charges were ever brought against Ross. He indicates he is bringing this action pursuant to 39 U.S.C. § 101-102 and 42 U.S.C. § 3001(4) pertaining to "congressional assurance of health restorative services." (ECF No. 1 at 2).

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2). That Application is granted.

### Standard of Review

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

## Discussion

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff indicates he resides in South Euclid, Ohio and Ross resides in Beachwood, Ohio. A Plaintiff in federal court has the burden of

pleading sufficient facts to support the existence of the court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, the Plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.,* No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The complaint, as written, suggests that all parties to this action are citizens of Ohio. Federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the complaint and ignores potential defenses" Defendant may raise. *Mikulski v. Centerior Energy Corp.,* 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the Complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs,* 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski,* 501 F.3d at 560; *City of Warren v. City of Detroit,* 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiff is proceeding *pro se* and *pro se* Plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer,* 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines,* 404 U.S. at 520. Even with that liberal construction, however, Plaintiff failed to properly identify a federal question in this case.

Plaintiff indicates federal jurisdiction is based on 39 U.S.C. §§ 101-102, and 42 U.S.C. §3000(4). None of these statutes, however appears to offer a private cause of action. In fact, 39 U.S.C. § 101 contains congressional policies for post offices, and includes such goals as providing "prompt, reliable, and efficient services to patrons in all areas" and "selecting modes of transportation...giv[ing] highest consideration to the prompt and economical delivery of all mail." 39 U.S.C. § 101(a), (f). Similarly, 39 U.S.C. § 102 contains definitions of words used in the postal policies. There is no indication of how policies and objectives of the post office and definitions apply to Ross.

The reference to 42 U.S.C. §3000(4) also fails to establish a viable federal question. It states:

> The Congress hereby finds and declares that, in keeping with the traditional American concept of the inherent dignity of the individual in our democratic society, the older people of our Nation are entitled to, and it is the joint and several duty and responsibility of the governments of the United States, of the several States and their political subdivisions, and of Indian tribes to assist our older people to secure equal opportunity to the full and free enjoyment of the following objectives: . . .
>
> (4) Full restoration services for those who require institutional care, and a comprehensive array of community-based, long-term care services adequate to appropriately sustain older people in their communities and in their homes, including support to family members and other persons providing voluntary care to older individuals needing long-term care services.

This statute, at best, places duties and responsibilities on the government. There is no indication in the statute that there is a private right of action to enforce any provision, or that these duties are applicable to private parties such as Ross. This statute cannot be used as a basis for federal jurisdiction.

Plaintiff does not indicate any other federal cause of action in his pleading and none is readily apparent from the face of the complaint. To meet basic notice pleading requirements, the complaint must give the Defendant fair notice of what the Plaintiff's legal claims are and the grounds upon which they rests. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's complaint does not set forth a viable legal cause of action upon which federal jurisdiction can be based.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e) for lack of subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

*Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: *July 9, 2015*

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.